## CIRCUIT COURT OF FREDERICK COUNTY

Glass et al.

v.

Frederick County
Board of Supervisors

August 25, 1981

Case No. (Chancery) 6155

BY JUDGE ROBERT K. WOLTZ

This is my letter opinion making decision in this mandamus proceeding by the complainants against the Board of Supervisors brought pursuant to the fourth paragraph of § 15.1–475, Code of 1950, as amended, which is one of the statutes dealing with land subdivision.

The complainants, following the provisions of the Frederick County Subdivision Ordinance, had their subdivision and plat approved as required by the State Department of Highways, the Frederick County Department of Public Health, and the Frederick County Department of Planning and Development. The defendant Board of Supervisors refused approval.

Section 15.1–474 of the Code provides that the local governing body in certain respects must administer subdivision regulations and in other instances may delegate that responsibility. Section 18–7 of the Frederick County Subdivision Ordinance provides for delegation of authority to an administrator, but if such delegation is not made, then the Board shall be the administrator. The defendant Board is the administrator of the ordinance, no other administrator ever having been appointed.

The Planning Commission of Frederick County recommended to the Board of Supervisors that it deny approval of the subdivision plan, and after public hearing, the Supervisors were unanimous in their denial of approval of the subdivision.

The complainants maintain that all agency approvals having been received, that approval of the subdivision plan by the Board of Supervisors then became a ministerial act, and the Board had no discretion to refuse approval as complainants had met the requirements of the subdivision ordinance. Complainants cite *Planning Commission v. Berman*, 211 Va. 774, 777 (1971), for the proposition that where one has met all the requirements of local ordinances respecting site plans, then approval of the plan and issuance of a building permit cease to be discretionary and become ministerial. Also cited is *Board of Supervisors v. Horne*, 216 Va. 113, 119 (1975), which confirms this.

The Court finds, however, that this is not such a situation as existed in either of those two cases. This is not a situation where all of the technical requirements for site plan had been met, the approval of which, with accompanying building permit, became wholly ministerial. In the Court's opinion, the Board of Supervisors under the enabling legislation and the local ordinance is, as administrator of subdivision regulations, much more than a rubber stamp for the conjoined approvals of the several administrative agencies involved. Though the Board may be acting in an administrative rather than in a legislative capacity in approving or disapproving subdivisions, yet this does not mean it was devoid of all discretion in its administrative actions.

Section 15.1–427 of the Code setting forth the intent of Chapter 11 on Planning Subdivision of Land and Zoning of Title 15.1 speaks in very broad terms of health, safety, convenience, welfare, future development, planned transportation systems, and the like, along with encouragement of local governments to deal with those matters in an effective way. In the Court's view, approval by the administrative agencies simply takes care of the mechanical or technical matters, together with a showing of at least minimal subdivision standards. There remains, however, a discretion in the Board of Supervisors in this case as administrator of subdivision regulations to make a determination whether or not to approve despite approval of certain technical requirements individually found by separate administrative agencies.

Second, having determined that the defendant Board of Supervisors has under the circumstances of this case discretion to grant or withhold approval of complainants' subdivision plan, it now becomes necessary to determine if the board's refusal of the plan was "arbitrary or capri-

cious." Because of the demands of time which have delayed this decision and necessity to complete it, review of the evidence in this case will not be made.

In the context of zoning, complainants cite *Vienna Council v. Kohler*, 218 Va. 966 (1978), where in holding the refusal to rezone as arbitrary and capricious, the Court stated that while concerns of neighboring landowners were to be considered, they had no "vested right" to the continuation of a zoning classification of a particular piece of land. A number of neighbors objected to this subdivision and by analogy to the *Vienna Council* holding, those neighbors had no vested right to see that the land in question remained unsubdivided.

These landowners did, however, have a right to present their views and such opinions and factual matters as might be relevant to the issue for consideration by the Board. The evidence shows that a number of matters pertinent to a decision were brought to the attention of the Board of Supervisors. For example, one item was drainage and its effect on adjoining landowners. Subsequent to the hearing, the Department of Highways, which had given its approval to the subdivision, stated that it would not again approve as a result of its further investigation unless the subdividers obtained drainage easements. This is but one example to show that the residents of the affected area had relevant and cogent information to present to the governing body and were not merely in the stance of claiming a vested right to have the land in question remain unsubdivided as it previously had always been.

Suffice it to say that there was sufficient evidence before the Board upon which to exercise its discretion either to approve or disapprove of the subdivision. In the exercise of that discretion, it chose to disapprove. Under the circumstances related, this did not constitute arbitrary or capricious or unreasonable action.

The action of the defendant board under the particular facts of this case being discretionary and not ministerial and there being no arbitrary or capricious exercise of that discretion, the prayer for writ of mandamus is denied.