## CIRCUIT COURT OF ALLEGHANY COUNTY

APB Whiting, Inc.

v.

City of Covington

December 8, 1983

By JUDGE DUNCAN M. BYRD, JR.

In their Petition for Declaratory Judgment, the Petitioner seeks to have the Court to declare that the action of the Covington City Council denying the Petitioner's request for rezoning of Lots 13-A and 13 in Fairlawn subdivision from R-1 to C-1 was discriminatory, arbitrary and capricious. The lots in question were originally intended as commercial lots (Plaintiff's Exhibits 1-3) but were rezoned residential in 1957. In 1975 as a result of what the Court determines to be a clerical error, the lots were reflected as commercial lots on the City's Zoning Map. This error was not discovered until the Plaintiff's made the current application. Since at least 1975, the lots have been assessed and taxed as commercial lots. On March 22, 1983, the Covington Planning Commission minutes reflect the following:

> Next on the agenda was consideration of recommendation of APB Whiting, Inc. for rezoning of Lots 13 and 13A, Fairlawn from R-1 to C-3 for automatic teller installation by First National Exchange Bank.
> Michael Collins, attorney, representing APB Whiting Oil Co., said that the original deed for the Fairlawn Subdivision listed hotels, taverns, dance halls, garages, restaurants, manufacturing and mercantile businesses as permissible on lots 1-14. The

automatic teller machines represents an investment of approximately $100,000 for First National Exchange Bank. The machine alone is valued at $40,000 with additional expenses for security, landscaping site preparation and phone lines. Mike Murphy stated that APB Whiting Oil Company has been in the convenience business since 1926. Mr. Murphy stated that we have been a good neighbor, we take care of our property, and this automatic teller is part of the convenience business.

Bob Woods spoke in favor of the automatic teller. Mr. Woods stated that he is interested in the development of Covington. Mr. Woods stated that he hoped the citizens of Covington would not drive a business out of the area. If the bank wants to spend its monies here in Covington, let them do it. We will all benefit in the end.

Robert Rock spoke in opposition of the automatic bank teller. Mr. Rock, owner of the land adjoining Whiting's lots, told the commission that he believed his property value would decrease and that he was concerned over "a nice residential community." Mr. Rock commented that drivers are turning into the Citgo Service Station before reaching the intersection and thus the banking facility would increase the dangerous traffic conditions.

Straton Scott stated that he does not think it is fair to a neighborhood if the residential area has spot zoning. Mr. Scott stated that there are many areas in the City to locate this automatic teller.

Harold Snead commented that he opposed the lot being rezoned to C-3.

David Wenke made a motion to recommend to City Council that they allow the rezoning of Lot 13A only from R-1 to C-3. The vote carried 5 to 2. Gene Seldomridge and Leonard Grumblatt voted against the motion.

David Wenke stated that he believed

there is enough buffer to protect the property owners.

Upon motion of George Hill, seconded by David Wenke the commission recommended to deny the rezoning of Lot 13. The motion carried unanimously.

On April 12, 1983, the Covington City Council minutes reflect:

8. Rezoning Request - A.P.B. Whiting, Inc. - Lot 13 & 13A located at Fairlawn Subdivision at S. Carpenter Drive which is currently zoned R-1 to be rezoned C-3 for business use for automatic bank teller installation, access, egress and related parking.

Mayor Jamison read the recommendations of the Planning Commission as follows:

On a vote of 5 to 2 Planning Commission voted to recommend rezoning of lot 13A from R-1 to C-3. On a vote of 7 to 0 Planning Commission voted to recommend denial of rezoning of 13 from R-1 to C-3. It was the feeling of the majority of the Commission that lot 13 should be kept as a buffer to protect adjoining property on S. Carpenter Dr. The rezoning of lot 13-A, the smaller lot, would take care of the intended use and was in keeping with the commercial nature of the intersectional area. B. Ray Perry, Secretary.

Mr. Michael Collins - Attorney for Whiting, Inc. urged Counsel to grant the rezoning of both lots.

SPEAKERS AGAINST:

Mr. Bobby Kelly, resident of the area, presented petitions with signatures of the majority of neighbors living around this site, who are opposed to this rezoning. They feel this must be opposed to protect the homeowners' property values.

Mr. Kelly said that this would open the area to other businesses and create traffic problems. He asked Council to deny this application.

Mr. Robert Rock, owner of adjoining property, lots 11 and 12, which represent his house and yard, asked Council to deny this application. He said that he does not oppose the new bank teller, but that keeping this a good residential community is his concern.

Mr. Leonard Grumblatt, Planning Commission, suggested that 13A could be conditionally rezoned to protect the community from the possible removal of the bank teller and the building of any other type of business in the future.

Mr. Mike Murphy, Whiting Oil, said that his company did not want conditional zoning, and asked Council to grant the application as presented.

Councilwoman Huffman asked Mr. Kelly and Mr. Rock if they were against conditional rezoning. Mr. Kelly answered, "Yes, there is too much traffic and lighting now." Mr. Rock said that he was also opposed and there is too much traffic congestion now.

Mr. Collins, attorney, Whiting Oil, said that it is Council's responsibility to regulate, not control the use of this private property and should consider the rights of Whiting Oil Co.

Mrs. Huffman said that she would consider conditional zoning.

Mr. Bennington moved to deny the request for the rezoning of 13 and 13A from R-1 to C-1 located at Fairlawn Subdivision at S. Carpenter Drive. Mrs. Huffman seconded the motion.

Mr. Burks said that there were good points from both parties and that he felt that the plans presented by Whiting Oil would not be detrimental to the community and would not greatly increase the traffic.

He would vote with the Planning Commission's recommendations.

Mr. Nester noted that according to the City Code, this application could not be resubmitted for one (1) year if it was denied tonight.

After discussion, Mr. Bennington withdrew his motion and Mrs. Huffman withdrew her second.

Councilman Burks moved to accept the recommendation of the Planning Commission to rezone 13A from R-1 to C-3. The motion died for lack of a second.

Mayor Jamison said that in his opinion, the factor contributing most to the decline in population in Covington is spot zoning. He said it is an encroachment upon the area and a violation of the rights of home owners and is not in the best interest of this City. He said there is a danger of setting a precedent here and Council owes it to everyone concerned to act upon this request as soon as possible.

Councilman Burks again moved to accept the recommendation of the Planning Commission and to rezone lot 13A from R-1 to C-3. Mr. Bennington seconded the motion. Roll call vote as follows:

Jamison - Against        Bennington - For
Huffman - Against        Burks - For
            Carpenter - Abstained*

* Vice-Mayor Carpenter abstained due to possible conflict of interest.

Motion Denied -- requires 3/4 vote of Council.

At hearing on November 9, 1983, Mayor Jamison essentially reiterated his position reflected in the Council minutes on April 12, 1983. The Plaintiffs introduced evidence to show the rezoning would be consistent with other commercial activity in the immediate vicinity and that failure to grant the

rezoning would render the lots in question practically valueless, leaving their highest and best use as vacant lots or garden spots.

The applicable law is best stated in *Board of Supervisors v. Snell*, 214 Va. 655 (1974), where the Court noted that when a zoning amendment is enacted [or rejected]:

> [t]he burden of proof is on him who assails it to prove that it is clearly unreasonable, arbitrary or capricious, and that it bears no reasonable or substantial relation to the public health, safety, morals or general welfare. The court will not substitute its judgments for that of a legislative body, and if the reasonableness of a zoning ordinance is fairly debatable it must be sustained.
>
> The burden is on the one who seeks rezoning to show the need for it. Refusal to rezone will be upheld by a reviewing court where no compelling need for rezoning is shown and where no clear demonstration has been made that the existing zoning classification is no longer reasonable or appropriate. The "fairly debatable" test will apply. *Town Council v. Kohler*, 218 Va. 966 (1978).

With regard to lot 13A, the Court is of the opinion that the action of council bears no reasonable or substantial relation to the public health, safety, moral or general welfare that could not be corrected by *conditional rezoning*, that a compelling need for rezoning is shown and that there has been a clear demonstration that residential zoning is not reasonable or appropriate. With regard to lot 13, the need for a buffer zone between commercial activity and residential activity renders these issues "fairly debatable." The case should be remanded to City Council for further action consistent with opinion.