STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Plaintiff,

v.

Nancy Darlene REYNOLDS, Defendant.

Civ. A. No. 86–0528(R).

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 22, 1987.

Ralph B. Rhodes, Hutcherson & Rhodes, Ltd., Rocky Mount, Va., for plaintiff.

J. Rudy Austin, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court on defendant's motion to dismiss. Defendant contends she was not a party to plaintiff's release, the claims against her were not extinguished, and, therefore, plaintiff is not entitled to contribution pursuant to Va. Code Ann. § 8.01–35.1 (Supp.1987). For the reasons stated below, the court finds defendant was discharged from liability to the claimant by the release and plaintiff is entitled to seek contribution from defendant under Va.Code Ann. § 8.01–35.1 (Supp. 1987).

The facts are not in dispute. On August 8, 1984, George Alletsee, the driver of one vehicle, and Nancy Darlene Reynolds, the driver of the second vehicle, were involved in a collision. Annie Mitchell Reynolds, the claimant, was a passenger in the vehicle operated by Nancy Darlene Reynolds and was severely injured in the collision caused by the two drivers.

George Alletsee was represented in settlement negotiations by his insurance company, State Farm Mutual Automobile Insurance Company. Pursuant to the terms of its policy, State Farm settled Annie Mitchell Reynolds' claim, paying $80,000 for a release of George Alletsee. The instrument, signed by George Alletsee and the claimant, Annie Reynolds, released George Alletsee "and all other persons, firms or corporations liable or who might be claimed to be liable." State Farm, the plaintiff, then brought this action for contribution of one-half the settlement amount from the joint tortfeasor, Nancy Darlene Reynolds. Defendant moved to dismiss.

## DISCUSSION

The primary issue is whether a release of "all other persons, firms or corporations" is effective to release unnamed persons not parties to the release. The matter is before this court under diversity jurisdiction. Consequently, the court must determine the scope of the release pursuant to Virginia law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

(1938). Research reveals no state court decision on this issue. However, this court believes a suitable prediction of what the state court would decide can be made based on the words of the release and the relevant statute.

The court believes that a literal test is properly employed in construing the scope of the release. *See, e.g., Douglas v. United States Tobacco Co.*, 670 F.2d 791, 793–95 (8th Cir.1982) (applying Arkansas law); *Cox v. Turner*, 157 W.Va. 802, 207 S.E.2d 152 (1974) (release of defendant and "also any and all other persons" construed "on its face"); *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764, 765 (1961).

■ Examining the four corners of the release, the court finds Nancy Darlene Reynolds was released from liability. The language of the release is clear and forceful. Not only did Annie Reynolds release George Alletsee, she also released "all other persons." The document is subject to no other reasonable interpretation. The document contains no provision requiring the enumeration of other persons or entities to be released.

The court's determination is in accordance with the limited statutory language on releases. Va.Code Ann. § 8.01–35.1(A)(1) (Supp.1987) provides "a [release] shall not discharge any of the other tortfeasors from liability for the injury, property damage or wrongful death *unless its terms so provide....*" (emphasis added). The effect is to encourage precisely worded releases, while at the same time offer some relief from the harsh common law rule. *See infra.* Although the instant case concerns a general boiler plate release, the statute does not suggest any reading, other than a literal interpretation, is mandated.

The court is mindful that this literal interpretation of a release may be seen as permitting a joint tortfeasor to automatically benefit from a release to which he did not participate, nor give contribution.[1] The shortcomings of the literal test are minimized in this case for two reasons. First, the court can only consider the language of the release because neither side has presented, nor suggested, the existence of any evidence pertaining to the intent of the parties.

■ Second, the non-settling joint tortfeasor is not necessarily freed from liability for the damages. Contribution may be recovered if his liability is established. The relevant section Va.Code Ann. § 8.01–35.1(B) (Supp.1987), provides:

A tort-feasor who enters into a release or covenant not to sue with a claimant is not entitled to recover by way of contribution from another tort-feasor whose liability for the injury, property damage or wrongful death is not extinguished by the release or covenant not to sue, nor in respect to any amount paid by the tort-feasor which is in excess of what was reasonable.

The plaintiff urges this court to infer that if a release between a claimant and a tortfeasor extinguishes the liability of a second tortfeasor, then the settling tortfeasor may still seek contribution from the non-settling tortfeasor.[2]

The legislature's purpose in enacting this section supports this inference. The common law in Virginia provided that a release of one joint tortfeasor, released all joint tortfeasors. *Wright v. Orlowski*, 218 Va. 115, 235 S.E.2d 349 (1977). The rule controlled even if the language in a settlement agreement provided otherwise. *Shortt v. Hudson Supply, etc. Co.*, 191 Va. 306, 60 S.E.2d 900 (1950). In 1979, recognizing the potential hardship under the common law, the Virginia legislature enacted Va.Code § 8.01–35.1. The statute provides that a release entered into by one joint tortfeasor

---

1. *See McInnis v. Harley–Davidson Motor Co., Inc.*, 625 F.Supp. 943 (D.R.I.1986) (survey of four views interpreting a release of a joint tortfeasor coupled with a general boilerplate release).

2. *See* Note, *The Covenant Not To Sue: Virginia's Effort To Bury the Common Law Rule Regarding The Release of Joint Tortfeasors*, 14 U.Rich. L.Rev. 809, 826 (1980).

does not necessarily discharge the remaining tortfeasors.[3] The legislative purpose is to facilitate settlement and promote the use of releases. *Hayman v. Patio Products, Inc.*, 226 Va. 482, 311 S.E.2d 752, 755–56 (1984).[4] The effect of the statute is to protect the injured party from unnecessary delays and loss of claims.

Initially, plaintiff's reading of the statute appears contrary to the legislative interest of minimizing litigation. The tortfeasor who settled a claim would have to bring a separate action for contribution against the nonsettling tortfeasor to determine 1) if the nonsettling tortfeasor was liable, and 2) if the non-settling tortfeasor's liability was extinguished by the release. Plaintiff's interpretation of the statute may also give rise to claims that the release was unfair or collusive, or that the tortfeasors attempted to defraud the claimant.[5]

These contrary arguments notwithstanding, the ultimate goal of the statute is to protect and accelerate some form of payment to the injured person. With this in mind, the court finds plaintiff's inference is in accord with the legislative purpose. In this case, the injured party received payment in return for her release of all possible tortfeasors. It is left to the drivers of the cars to litigate the issue of liability. Thus, while further litigation may be necessitated based on plaintiff's inference, the injured person is not subjected to a delay in recovery.

In sum, the court finds in the absence of evidence to the contrary, that a release of "all other persons" is given its literal meaning. Once the injured party's claim against the non-settling tortfeasor is extinguished, the settling tortfeasor may seek contribution from the non-settling tortfeasor. It is premature to decide the issue of liability at this stage of the litigation, thus the defendant's motion to dismiss is DENIED.

---

**3.** The original enactment did not mention releases, only covenants not to sue. However, the statute was later amended to include "all releases executed on or after July 1, 1980." *See Bartholomew v. Bartholomew*, 233 Va. 86, 353 S.E. 2d 752, 753 (1987).

**4.** The court in *Hayman* considered the legislative intent with respect to covenants not to sue. In line with the amendment to § 8.01–35.1 to include release, the court finds the legislative intent in *Hayman* is also relevant to releases.

**5.** In the instant case, the pleadings reflect no such allegations.