## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Peggy O. Mauk

v.

Tidewater Funeral Home, Inc.

December 12, 1990

Case No. L-90-68

By JUDGE RICHARD S. BRAY

This matter is most immediately before the Court on motion of defendant, State Manufacturing Company of Virginia, Inc. (defendant), to dismiss plaintiff's Amended Motion for Judgment as barred by the applicable statute of limitations. In response, plaintiff argues that the addition of defendant as a party only corrected a "misnomer" and relies upon Code § 8.01-6, as amended effective July 1, 1990, to establish "the date of the original pleading" as the filing date of the amended motion. As a threshold issue, the Court must determine whether to apply the amended Section 8.01-6 or the statute as it existed on the date plaintiff's alleged cause of action accrued and this suit was instituted.

The Court has carefully reviewed the memoranda of counsel, including the cited authorities and relevant statutes and concludes that the 1990 amendment to Code Section 8.01-6 was carefully drafted to apply only in certain circumstances and conditions which give it a procedural rather than substantive character. As a consequence, its retroactive application would appear appropriate.

The record before the Court, however, discloses that plaintiff has not fully complied with those procedures prescribed by the statute to correct a misnomer. Should plaintiff elect to proceed further in accordance with

the Code, the Court must then determine if all requirements of the statute necessary to its application have been met, and additional evidence will be necessary on this issue.

The Court thus suggests that plaintiff prepare and circulate for endorsement an order which authorizes her to proceed against defendant pursuant to § 8.01-6 within a period of thirty days from the date of entry, if she be so advised, but reserves to defendant the right to contest satisfaction of the requisite conditions in this instance.