## CIRCUIT COURT OF THE CITY OF RICHMOND

Nancy Loretta White

v.

James F. Morano, Jr.,
and John B. Boatwright

May 6, 1993

Case No. LS-3976

By Judge T. J. Markow

This case came before the court on April 6, 1993, for argument on demurrer. The court overruled the demurrer but requested counsel to submit memoranda on the question of whether Virginia Code Section 8.01–6 may be applied retroactively. In addition to his memorandum, counsel for defendant Morano submitted a motion for summary judgment which turns on the retroactivity question.

The facts of the case are as follows. On November 24, 1987, plaintiff Nancy White allegedly slipped and fell at Aunt Sarah's Pancake House at 4305 West Broad Street in Richmond. Ms. White retained defendant Morano to file suit on her behalf. In October, 1989, Morano filed suit against Aunt Sarah's Franchise, Inc., within the statute of limitations period. However, it was later determined that the proper defendant in the suit was Dankos Enterprises, Inc., the entity which owns and operates Aunt Sarah's. On March 8, 1990, plaintiff terminated her representation by Morano, and she retained defendant Boatwright to represent her.

On July 6, 1990, counsel for Aunt Sarah's moved for summary judgment, on the grounds that plaintiff had failed to name the proper party, and since the statute of limitations had run in November of

1989, the mistake could not be cured. The motion was granted. Defendant Boatwright did not argue the applicability of Va. Code Ann. § 8.01–6, which had just taken effect on July 1, 1990. That section provides that under certain circumstances, an amended pleading which changes the party against whom suit is brought may relate back to the date of the original filing.

In the present action, plaintiff alleges that defendant Morano's failure to name the proper party at the outset, and defendant Boatwright's failure to argue the theory of relation back under Va. Code Ann. § 8.01–6, constitute malpractice. Defendant Morano argues that negligence by Boatwright constitutes an intervening, superseding cause which releases him from liability. Inherent in this determination is the issue of retroactive application of § 8.01–6. That Section became effective on July 1, 1990, after the statute of limitations had already expired on plaintiff's claim. If it may not be applied retroactively, Boatwright's failure to argue its applicability cannot be the cause of any damage to Ms. White.

The case of *Starnes v. Cayouette*, 244 Va. 202 (1992), is instructive on this issue. *Starnes* involved a claim of sexual abuse, and the validity of what is now Va. Code Ann. § 8.01–249(6), which created a new rule for when a cause of action for sexual abuse accrues, a ten-year statute of limitations for such actions, and a one-year "window" period during which actions which would have otherwise been time-barred could be brought. The Supreme Court considered the effect of the retroactive application of the new accrual theory and window period, recognizing that plaintiff's action was time-barred unless the new statute "revived" her cause of action. Looking at the situation in terms of the defendant's right to rely upon the statute of limitations defense, the court framed the issue as "whether, upon the lapse of the time fixed in the statute of limitations and the tolling statute, the defendant acquired a right protected by due process guarantees." *Starnes*, 244 Va. at 207. The court cited a number of cases dating back to the nineteenth century in observing that "[i]t is very clear that when the bar of the statute of limitations has once attached, the legislature cannot remove the bar by retrospective legislation." *Id.* at 208 (quoting *Johnston v. Gill*, 68 Va. (27 Gratt.) 587, 595 (1876)).

The court recognized that the legislature has the power to enact retroactive legislation, but noted the restriction that the retroactive statute may not destroy vested rights. The court concluded that the statute of limitations defense is a right to a valuable property interest, substantive in nature. *Id.* at 211. "The immunity from suit which arises by operation of the statute of limitations is as valuable a right as the right to bring the suit itself." *Id.* (quoting *Campbell v. Holt*, 115 U.S. 620, 631 (1885) (Bradley and Harlan, JJ., dissenting)). Thus, the right to the statute of limitations defense, once vested, is entitled to due process protection and may not be exterminated by retroactive application.

The parties cite numerous other authorities supporting their respective positions, but this court believes *Starnes* to be dispositive of the issue.

Defendant Morano notes that in *Mauk v. Tidewater Funeral Home, Inc.*, 22 Va. Cir. 300 (Portsmouth 1990), Judge Bray of the Portsmouth Circuit Court ruled that Section 8.01–6 was procedural rather than substantive, and could therefore be applied retroactively. However, *Mauk* was decided prior to *Starnes*, and the position of the Supreme Court of Virginia seems clear that the statute of limitations defense is a substantive property right, not subject to divestment by retroactive legislation.

In summary, it is the opinion of this court that Virginia Code Section 8.01–6, which allows an amendment substituting the correct party to relate back to the date of the original filing, cannot be applied retroactively. In other words, as to any defendants for whom the statute of limitations had already run prior to the effective date of the Statute, July 1, 1990, Section 8.01–6 did not revive the causes of action against those defendants. Once the limitations period expired, the right to that defense vested in those defendants, and the legislature could not retroactively divest them of those rights.

The implication for the instant case is clear. The alleged negligence of defendant Boatwright is his failure to argue the applicability of § 8.01–6 to revive a claim for which the statute of limitations had already run prior to July 1, 1990. In light of this court's conclusion prohibiting the retroactive application of § 8.01–6, Boatwright's failure to argue the point could not be the cause of any damage to the plaintiff. Therefore, the case against defendant Boatwright, insofar as it is based on his failure to name the proper party, must be dismissed,

making it impossible for Boatwright's actions to be an intervening, superseding cause which could relieve defendant Morano of liability. As a result, defendant Morano's motion for summary judgment must be overruled.