# JORDAN VANCE BARTHOLOMEW, A MINOR, ETC.

## v.

# CONSTANCE K. BARTHOLOMEW

Record No. 850462

March 6, 1987

Present: All the Justices

*Thomas P. Mains, Jr.* for appellant.
*Randall M. Starrett, II (Bromley, Brown & Walsh,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

This is another case dealing with the retroactive application of Code § 8.01-35.1, the covenant-not-to-sue statute enacted in 1979.

Prior to 1979, Virginia followed the strict common-law rule that the release of one joint wrongdoer released all joint tort-feasors. *Wright* v. *Orlowski,* 218 Va. 115, 120, 235 S.E.2d 349, 352 (1977). Additionally, it should be remembered that there may be contribution among wrongdoers when the wrong results from negligence and involves no moral turpitude. Code § 8.01-34.

In 1979, the General Assembly enacted Code § 8.01-35.1, the statute in question. Acts 1979, ch. 697. As pertinent here, the statute provided that if a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, it shall not discharge any of the other tort-feasors from liability for the injury. The statute further provided that the amount recovered against the other tort-feasors shall be reduced by any amount stipulated by the covenant. The statute also provided that a covenant executed pursuant to the statute shall discharge the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor. It further stipulated that a tort-feasor who enters into a covenant not to sue with a claimant may not recover by way of contribution from another tort-feasor whose liability for the injury is not extinguished by the covenant.

The original enactment did not mention releases but references to such documents were added in subsequent years by Acts 1980, ch. 411 and Acts 1983, ch. 181. Subsection (D) was added by a 1982 amendment, Acts 1982, ch. 196, and provided that the stat-

ute applied to all "covenants not to sue executed on or after July 1, 1979, and to all releases executed on or after July 1, 1980, regardless of the date the causes of action affected thereby accrued."

In *Shiflet* v. *Eller*, 228 Va. 115, 319 S.E.2d 750 (1984), we held that the statute could not be applied retroactively. There, we affirmed the trial court's action in sustaining defendants' pleas of release in two damage suits arising from a 1977 automobile accident involving two joint tort-feasors. The plaintiffs settled with one wrongdoer and proceeded against the other. We refused to apply the 1979 statute to a 1981 release document, drawn in accordance with the statute. We concluded that the statute adversely affected the substantive rights of joint tort-feasors and that it could not be applied retroactively to impair those rights. We said, "Such a retroactive application of the enactment would violate [the joint tort-feasor's] due process rights and would be invalid." 228 Va. at 121, 319 S.E.2d at 754. Thus, we applied 1977 law to the 1977 cause of action and held that the release of one wrongdoer released the other.

In *Potomac Hospital Corp.* v. *Dillon*, 229 Va. 355, 329 S.E.2d 41, *cert. denied*, 474 U.S. 971 (1985), we decided that *Shiflet* controlled. That case involved a medical malpractice claim. The cause of action arose in 1977 and the suit was settled in 1983, after subsection (D) was added to the statute. We reversed the trial court which had held in favor of a plaintiff who had proceeded against a hospital after having settled with three physicians sued jointly with the hospital. As in *Shiflet*, we held in *Potomac Hospital* that the "retroactive application of the statute eliminates the long-standing common-law defense that the release of one joint tort-feasor releases all," and that "the retroactive application of a statute impairing a 'substantive' right violates due process and is therefore unconstitutional." 229 Va. at 360, 329 S.E.2d at 45. Applying the law as it existed at the time the cause of action accrued, we held that the release of one joint tort-feasor released the others, even though the 1983 covenant not to sue, drawn pursuant to the statute, purported to reserve the plaintiff's claims against the hospital.

In the present case, the cause of action accrued in 1976. Appellant Jordan Vance Bartholomew, a minor, and appellee Constance K. Bartholomew, his mother, were injured when an automobile operated by her, in which he was a passenger, spontaneously

shifted into reverse gear while the mother was loading groceries into the vehicle. In a products liability case, the mother obtained against the vehicle manufacturer a judgment which we affirmed. *Ford Motor Co. v. Bartholomew*, 224 Va. 421, 297 S.E.2d 675 (1982).

In early 1983, the infant plaintiff filed a damage suit against Ford Motor Company in a Virginia federal district court alleging he was injured in the accident. During a March trial, that case was settled for $350,000. The mother, as guardian of the child, executed a release and a covenant not to sue in favor of Ford Motor Company and the court approved the settlement.

In July 1983, the present personal injury action was filed by the infant plaintiff against the mother as an alleged joint tort-feasor for one million dollars. The defendant mother then filed a plea of release in the form of a motion to dismiss and a third-party motion for judgment against Ford Motor Company seeking indemnification and contribution. Subsequently, upon motion of Ford Motor Company, the federal court granted a permanent injunction against the mother and son from bringing any action against Ford relating to the accident, ruling that the order approving the settlement and the release executed on behalf of the son by the mother barred any such actions whether for contribution or indemnification. Thereafter, the court below dismissed the third-party complaint.

During argument upon defendant's plea of release, the plaintiff reduced the amount of the suit to $700,000. He relied principally upon the provisions of the statute in question in urging the trial court to overrule the plea. The trial court sustained the plea, however, relying on *Shiflet* and stating, "To apply 8.01-35.1 retroactively would violate the due process rights of the defendant." We awarded the plaintiff this appeal from the March 1985 order of dismissal, entered one month before our decision in *Potomac Hospital* was announced.

On appeal, the plaintiff contends that the present case is distinguishable from both *Shiflet* and *Potomac Hospital*. He argues that the Court ruled in those cases that retroactive application of the statute, in particular subsection (D), would be unconstitutional *if* such application impaired a defendant's substantive right of contribution against a joint tort-feasor. He says that in "each of those cases the holding was based upon an 'impairment' or 'abridgement' of the right to contribution of one joint tort-feasor

against another — either possible, as in *Shiflet*, or actual, as in *Potomac*." Here, the argument continues, "no such possibility of impairment exists, for two reasons."

First, the plaintiff observes, the federal court has ruled that "defendant *has* no right of contribution against the alleged joint tort-feasor, Ford Motor Company, and permanently enjoined her from any legal proceedings designed to litigate such a right." He says that order is final and "is *res adjudicata* of any right of Constance Bartholomew to contribution from the alleged joint tort-feasor." Thus, he contends, the decisions in Shiflet and *Potomac Hospital*, under the facts of the present case, would "void the retroactive effect" of the statute provided for in subsection (D).

Second, the plaintiff contends, no possibility of impairment exists because he has reduced the amount sued for to $700,000. Assuming *arguendo* that the jury would award the entire amount claimed, the plaintiff says, "the ultimate liability of the defendant would be the same — $350,000 — whether that liability were pursuant to the terms of § 8.01-35.1 or to the earlier right of contribution." It will be remembered that the statute provides that the amount recovered by the claimant against the non-settling tort-feasor shall be reduced by the amount stipulated by the release or covenant, in this case $350,000. Actually, plaintiff argues, defendant is aided by that provision of the statute because "it would not be necessary to bring suit to prove the right of contribution." We disagree with plaintiff's contentions.

 The plaintiff has ignored pertinent language in *Shiflet* and *Potomac Hospital*. We said that both "substantive" and "vested" rights are included within those interests protected from retroactive application of statutes. Also, we stated that a cause of action for contribution among joint tort-feasors arises at the time the jointly negligent acts occur. And, significant to the facts of the present case, we said in *Shiflet*, and repeated in *Potomac Hospital*, "This cause of action [for contribution] is a substantive right manifested by the ability of one tort-feasor to seek contribution from another wrongdoer jointly liable *and by the ability of a joint wrongdoer to defend successfully a suit by the plaintiff after the plaintiff has released another joint tort-feasor.*" *Shiflet*, 228 Va. at 121, 319 S.E.2d at 754, and *Potomac Hospital*, 229 Va. at 359, 329 S.E.2d at 44 (emphasis added). In other words, we explained that the pre-1979 right of contribution among joint tort-feasors included a right to be released when a joint tort-feasor has been

released. Finally, we said that when the statute, including subsection (D), adversely affects a substantive right, it cannot be applied retroactively to impair that right because such application would violate the non-settling joint tort-feasor's due process rights. *Potomac Hospital*, 229 Va. at 360, 329 S.E.2d at 44.

The question then becomes whether, under the circumstances of this case, retroactive application of this statute impairs any substantive right of the defendant. We answer the query in the affirmative.

■ It is true, as plaintiff argues, *Shiflet* and *Potomac Hospital* dealt with the ability of one tort-feasor to seek contribution from another wrongdoer jointly liable. But the facts of those cases involved mainly that prong of the substantive right. This case, however, involves the other prong of that right; that is, the ability of the non-settling tort-feasor to be released when the plaintiff has released another joint wrongdoer. Regardless of any effect the federal order or change in the *ad damnum* may have on defendant's ability to seek contribution, the defendant's substantive right, manifested by her ability to defend successfully this suit by the plaintiff after the plaintiff has released Ford Motor Company, will be impaired if the statute is permitted to operate retroactively. The application of the statute to these facts, therefore, is constitutionally invalid, and issues affecting the substantive right are to be determined by the law which existed in 1976, the time of the tort giving rise to the cause of action for contribution. *Potomac Hospital*, 229 Va. at 361, 329 S.E.2d at 45; *Shiflet*, 228 Va. at 123, 319 S.E.2d at 755.

Consequently, we hold that the trial judge correctly sustained defendant's plea of release. Thus, the judgment below will be

*Affirmed.*