# Marjorie Starnes

## v.

# Robert L. Cayouette

Record No. 911758

June 5, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, Keenan, JJ.,
and Poff, Senior Justice

*Sylvia Clute* for appellant.

*Benjamin A. Williams, III (L. Wallace Sink; Patten, Wornom & Watkins*, on brief), for appellee.

*Amicus Curiae:* Virginias Aligned Aainst Sexual Assault, Virginians Against Domestic Violence (Darla Tarletz, on brief).

SENIOR JUSTICE POFF delivered the opinion of the Court.

We awarded a plaintiff, an adult survivor of child abuse, an appeal to consider whether, as the trial court ruled, the expiration of the statute of limitations on her personal injury cause of action afforded the defendant a right protected by constitutional due process guarantees. The trial court dismissed the motion for judgment, and we look to the facts alleged in the pleadings. The chronology of events is vitally relevant to our analysis of the issue before us.

Plaintiff Marjorie Starnes was born in 1964. From the age of five until she became fourteen years old, Starnes was subjected to multiple acts of sexual abuse by defendant Robert L. Cayouette, a friend of Starnes' family and father of her best girl friend. The last such act occurred in 1978. Starnes became 18 years of age in 1982 and 20 in 1984.

According to the motion for judgment, the defendant "threatened the plaintiff with the alienation of her family if she revealed the abuse" and "often warned the plaintiff not to disclose the aforesaid abuse to anyone in a manner . . . causing her to fear for her safety." Starnes alleged that "[a]s a result of the aforesaid abuse, the plaintiff has suffered and continues to suffer and will suffer in the future, severe emotional harm . . . [including] eating disorders, sleep disturbances, depression and anxiety attacks".

Starnes "first received communication from her psychologist regarding the causal connection between the childhood sexual abuse and problems she has since manifested in March, 1990." Asserting causes of action for assault, battery, sexual battery, rape, sodomy, false imprisonment, and intentional infliction of emotional distress, Starnes filed a suit against Cayouette in July 1991. The defendant filed a plea invoking Code § 8.01-243 which imposes a time limitation of two years on personal injury actions.

In response, the plaintiff argued that her suit was timely filed under Acts 1991, c. 674, which became effective July 1, 1991. Clauses one and two of that Act provided as follows:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, [the cause of action shall

be deemed to accrue] when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. However, no such action may be brought more than ten years after the later of (i) the last act by the same perpetrator which was part of a common scheme or plan of abuse or (ii) removal of the disability of infancy or incompetency.

As used in this subdivision, "sexual abuse" means sexual abuse as defined in subdivision 6 of § 18.2-67.10 and acts constituting rape, sodomy, inanimate object sexual penetration or sexual battery as defined in Article 7 (§ 18.2-61 *et seq.*) of Chapter 4 of Title 18.2.

[T]he provisions of subdivision 6 of § 8.01-249 shall apply to all actions filed on or after July 1, 1991, without regard to when the act upon which the claim is based occurred provided that no such claim which accrued prior to July 1, 1991, shall be barred by application of those provisions if it is filed within one year of the effective date of this act."[1]

In a final order entered October 2, 1991, the trial court ruled that both clauses of the Act violate constitutional due process guarantees

to the extent it was the intent of the legislature (a) to retroactively apply the revised accrual provision . . . in cases in which the statute of limitations has expired . . . and (b) to create a twelve month period during which such cases could be filed regardless of when the cause of action accrued . . . .

Based upon that ruling, the trial court sustained the defendant's plea of the statute of limitations. The court dismissed the plaintiff's motion for judgment, and we awarded her an appeal.[2]

■ Preliminarily, we will summarize the statutory provisions pertinent to our inquiry as stated in the relevant sections of Code Title 8.01, Chapter 4, entitled "Limitations of Actions". Code

---

[1] Clause one of the Act now appears as subsection 6 of Code § 8.01-249 entitled "When cause of action shall be deemed to accrue in certain personal actions." Clause two of the Act is quoted in an editor's note to that statute.

[2] We granted the motion filed by Virginians Aligned Against Sexual Assault and Virginians Against Domestic Violence to submit a brief *amici curiae* in support of the appeal. Rule 5:30(a)(3).

§ 8.01-243(A) provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years next after the cause of action shall have accrued." If a person's cause of action accrued during infancy, "the time during which he is within the age of minority shall not be counted as any part of the period within which the action must be brought". Code § 8.01-229(2)(a). A personal injury cause of action "shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained . . . and not when the resulting damage is discovered". Code § 8.01-230.

■ Now, we will review our opinions construing and applying these statutory provisions. In *Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981), we defined the word "injury" as used in the accrual statute to mean "positive, physical or mental hurt". Recognizing that a wrongful act and the resulting injury may, but need not, occur contemporaneously, we emphasized the statutory mandate that "a cause of action for personal injuries shall be deemed to accrue and the prescribed limitation period shall commence to run *from the date the injury is sustained.*" *Id.* at 957, 275 S.E.2d at 904 (emphasis in original).

Pursuing our analysis of the statutory mandate in a recent case, we held that when a tort causes a contemporaneous personal injury, the fact that the victim suffered greater physical or mental hurt from that tort at a later date does not defer the date of accrual of the cause of action.

> [W]hen any injury, though slight, is sustained as the consequence of an alleged wrong, the right of action for a personal injury accrues and the statute of limitations begins to run at once. *See Richmond Redevelopment and Housing Authority* v. *Laburnum Construction Corp.*, 195 Va. 827, 838-39, 80 S.E.2d 574, 581 (1954). It is immaterial that all the damages resulting from the wrong may not have been sustained at the time of the negligent act; the running of the statute of limitations is not postponed by the fact that substantial damages do not occur until a later date. *Id.* at 839, 80 S.E.2d at 581.

*Scarpa* v. *Melzig*, 237 Va. 509, 512, 379 S.E.2d 307, 309 (1989).

■ As did the plaintiff in *Scarpa*, the infant plaintiff in this case suffered an injury in that "she experienced positive, physical or mental hurt" each time Cayouette committed a wrongful act against

her "and her right of action accrued on that date." *Id.* at 513, 379 S.E.2d at 309-10. The last such act was committed in 1978. Because Starnes was 14 years old at that time, the statute of limitations was tolled until she attained her majority in 1982. The two-year time limitation expired in 1984. Starnes' suit was not filed until July 1991.

Hence, unless her right of action was revived by Acts 1991, c. 674, effective July 1, 1991, the judgment sustaining the defendant's plea of the statute of limitations must be affirmed. Whether it was validly revived depends upon whether the trial court erred in ruling that any retroactive application of the new rule of accrual defined in the Act and its provision creating a one-year "window of opportunity" for the filing of a suit irrespective of the date of accrual would violate the defendant's due process rights.

Stated more succinctly, the issue framed on this appeal is whether, upon the lapse of the time fixed in the statute of limitations and the tolling statute, the defendant acquired a right protected by due process guarantees. This is the issue upon which we reserved opinion in *School Bd. of the City of Norfolk* v. *U.S. Gypsum*, 234 Va. 32, 38 n.4, 360 S.E.2d 325, 328 n.4 (1987).

In 1885, that question was considered by the Supreme Court of the United States in a case involving a creditor's claim. *Campbell* v. *Holt*, 115 U.S. 620 (1885). By divided opinion, the Court ruled that, except in cases invoking the doctrine of prescription or adverse possession, the due process clause of the 14th Amendment of the United States Constitution does not prohibit a state from enacting legislation that revives a creditor's remedy that had expired under the state's statute of limitations. In the opinion of the dissenting Justices, the debtor's right to the defense provided by the statutory bar was a species of "property" within the intendment of the clause which declares that "no State shall deprive any person of . . . property without due process of law" and that, for purposes of that guarantee, the debtor's right became vested when the time limitation fixed by the state's statute of limitations had expired.

At the time *Campbell* was published, revision of the Virginia Code was in progress. In *Kesterson* v. *Hill*, 101 Va. 739, 744, 45 S.E. 288, 290 (1903), we noted that the revisors, favoring the view of the *Campbell* minority, had drafted the following language which became Code § 2936 of the Code of 1887:

If, after a right of action or remedy is barred by a statute of limitations, the statute be repealed, the bar of the statute as to such right or remedy shall not be deemed to be removed by such repeal.

Construing legislative intent in light of the history of the new statute, this Court endorsed the following rule then applied in "almost all the States of the Union in which the question ha[d] arisen":

[T]he right to set up the bar of a statute of limitations as a defence to a cause of action after the statute has run is a vested right, and cannot be taken away by legislation . . . and . . . it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort.

*Id.* at 743-44, 45 S.E. at 289 (citation omitted). That rule was in accord with our earlier decision in *Johnston* v. *Gill*, 68 Va. (27 Gratt.) 587 (1876), where we held that, while the legislature could extend the statute of limitations to increase the time in which a suit could be filed, it must do so before the applicable statute of limitations has expired. "It is very clear that when the bar of the statute has once attached, the legislature cannot remove the bar by retrospective legislation." *Id.* at 595.

Section 2936 of the Code of 1887, now Code § 8.01-234, has remained unchanged for more than a century. The legislature's preference for prospective application of statutory rules appears in later enactments. The General Assembly reaffirmed that preference when it enacted Title 8.01 of the Code, effective October 1, 1977. Acts 1977, c. 617. In its very first section, that Act declared that, with respect to its several provisions, "the applicable law in effect on the day before the effective date of the particular provisions shall apply [to any existing cause of action] if in the opinion of the court any particular provision . . . may materially change the substantive rights of a party". Code § 8.01-1. In what became the "Limitations of Actions" chapter of the new title, the 1977 Act further provided that "[i]f a cause of action, as to which no action . . . is pending, exists before October 1, 1977, then this chapter shall not apply and the limitation as to such cause of action shall be the same, if any, as would apply had this chapter not been enacted." Code § 8.01-256.

Starnes argues that, notwithstanding such a preference, "[a]ny doubt about the power of the legislature to pass retroactive legislation in Virginia was dispelled in 1940 . . . ." She cites *Eaton* v. *Davis*, 176 Va. 330, 336, 10 S.E.2d 893, 896 (1940). There, we agreed that "the legislature possesses the power to enact retrospective legislation"; but, we added, only "if the statute . . . is not destructive of vested rights." Other opinions of this Court cited by Starnes reinforce that qualification on the legislature's power. *Ferguson* v. *Ferguson*, 169 Va. 77, 86-7, 192 S.E. 774, 777 (1937) (if statute is "one not affecting vested rights"); *Duffy* v. *Hartsock*, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948) (if statute does not "disturb vested rights"); *Phipps, Adm'r* v. *Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422, 425 (1959) (if statute is "one not affecting vested interests").

It is true, as Starnes points out, that Code § 8.01-1 provides for retroactive application of the new title, but it does so only "[e]xcept as may be otherwise provided in § 8.01-256" and only if it does not "materially change the substantive rights of a party". Construing that language, we have held that " 'substantive' rights, as well as 'vested' rights, are included within those interests protected from retroactive application of statutes." *Shiflet* v. *Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984).

In *Shiflet*, two plaintiffs, both claiming damages incurred in an automobile collision in 1977, had executed a release settling their claims against one tort-feasor and had attempted to recover additional damages from a joint tort-feasor. The defendant invoked the common law rule that the release of one joint tort-feasor releases all joint tort-feasors. The plaintiffs argued that this rule was extinguished in 1979 by enactment of Code § 8.01-35.1(A)(1) which provided that "a release or covenant not to sue . . . shall not discharge any of the other tort-feasors from liability". In response, the defendant contended that the defense accorded him by the common law rule constituted a substantive right, one constitutionally protected against retroactive application of the statute. The trial court sustained the defendant's plea of release and dismissed the plaintiffs' motion for judgment.

Affirming the trial court's ruling, we held that a joint tort-feasor's cause of action for contribution arising when the tort was committed is a two-pronged substantive right embracing legal standing both to seek contribution from a joint wrongdoer and "to defend successfully a suit by the plaintiff after the plaintiff has released another

joint tort-feasor." *Id.* at 121, 319 S.E.2d at 754. "Such a retroactive application of the [1979] enactment," we said, "would violate [the defendant's] due process rights and would be invalid." *Id.*

We reached the same conclusion on similar facts in *Potomac Hospital Corp.* v. *Dillon*, 229 Va. 355, 329 S.E.2d 41, *cert. denied*, 474 U.S. 971 (1985). There, the plaintiff had argued that *Shiflet* did not control because "the General Assembly specifically expressed its intention to allow the statute's application 'regardless of the date the causes of action affected thereby accrued,' thereby abrogating Code § 8.01-1." *Id.* at 359, 329 S.E.2d at 44. We rejected that argument.

Again, in *Bartholomew* v. *Bartholomew*, 233 Va. 86, 353 S.E.2d 752 (1987), reaffirming the principles applied in *Shiflet* and in *Potomac Hospital*, we upheld a defendant's substantive right to the defense of release accorded a joint tort-feasor by the common law rule.

Starnes contends that our decision in *Roller* v. *Basic Construction Co.*, 238 Va. 321, 384 S.E.2d 323 (1989), controls the issue in this case. We disagree. *Roller*, decided in 1989 before enactment of Code Title 65.2 in 1991, required analysis of former Title 65.1 and a change in the time limitations fixed in that Title on the filing of a workers' compensation claim for occupational disease. Prior to enactment of that change, Code § 65.1-23 had authorized payment of compensation upon proof of "injury or death by accident", and § 65.1-49 and its statutory predecessors had provided that "first communication of the diagnosis of an occupational disease to an employee . . . shall be treated as the happening of an injury by accident". Effective July 1, 1983, the General Assembly enacted an amendment to Code § 65.1-52 which changed the time limitation for asbestosis claims, formerly five years from the date of the last injurious exposure, to "two years after a diagnosis of the disease is first communicated to the employee". Acts 1983, c. 469.

Roller's last injurious exposure was in 1977. The diagnosis was communicated, *i.e.*, the "happening of the injury by accident" occurred, on August 22, 1983. Roller filed his claim on August 6, 1985, 16 days before expiration of the two-year time limitation fixed by the amendment effective July 1, 1983. Citing *Shiflet*, the employer argued that, upon expiration of the five year period in 1982, it had acquired a defense that constituted a substantive right entitled to constitutional protection.

■ We held that *Shiflet* was factually and legally distinguishable. In *Shiflet*, the defense the defendant invoked was a common law defense to a plaintiff's common law tort claim, and we held that the defendant's right to that defense was substantive. In *Roller*, the defense the employer asserted was a defense created by statute as an element of the new right created by that statute, *i.e.*, an employee's right to compensation for work-related injuries, and we held that neither the employer nor the employee had a substantive interest in the continued existence of the statutory scheme. Specifically, we said that the Workers' Compensation Act "created a new right to compensation, unknown at common law", *id.* at 327, 384 S.E.2d at 325; that "statutory limitations become a part of the new right, defining and controlling it", *id.*, 384 S.E.2d at 326; that "[u]nder the Act, the rights of both employer and employee become 'fixed' at the time an 'injury by accident' occurs", *id.* at 328, 384 S.E.2d at 326; that the injury occurred when the diagnosis was communicated and the rights of both parties "became fixed on August 22, 1983", *id.* at 329, 384 S.E.2d at 326; and that "[b]ecause neither the employer nor the employee had any rights *inter se* under the Act before that date, *there were no rights, vested or substantive, to be disturbed by the statutory amendment which took effect July 1, 1983*", *id.* (emphasis added).

■ Starnes suggests that *Shiflet* and its progeny are factually and conceptually distinguishable from the case at bar. Apparently, she relies upon the difference between a defendant's right to a common law defense such as that upheld in those cases and a defendant's right to a defense created by a statute imposing time limits on a right to bring action on a common law cause of action such as those she has pleaded. She contends that, while the right to one defense has been judicially characterized as substantive, the right to the other defense is purely procedural. But it is the limitation upon the plaintiff's right to recover that is purely procedural. We see no constitutionally significant distinction between the two rights of defense. Both are rights to a valuable property interest, and such rights are substantive in nature.

> The immunity from suit which arises by operation of the statute of limitations is as valuable a right as the right to bring the suit itself. It is a right founded upon a wise and just policy. Statutes of limitation are not only calculated for the repose and

peace of society, but to provide against the evils that arise from loss of evidence and the failing memory of witnesses . . . .

The fact that this defence pertains to the remedy does not alter the case. Remedies are the life of rights, and are equally protected by the Constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away . . . . [T]he right of defence is just as valuable as the [plaintiff's] right of action. It is the defendant's remedy.

*Campbell*, 115 U.S. at 631 (Bradley and Harlan, JJ., dissenting).
■ Reaffirming our opinions that substantive as well as vested rights are entitled to due process protection, we decline to distinguish among the several classes of substantive rights. There are too many such classes. Both parties-litigant enjoy substantive rights, one to sue, the other to defend. Some are rights *ex contractu*, others *ex delicto*. Some arise in a civil context, others in a criminal prosecution. In the civil context, contract rights of recovery and defense may be related to mere breach or to deliberate fraud, tort rights to simple negligence, gross negligence, or intentional malfeasance. If the legislature can infringe a constitutionally protected right of one class by retroactive legislation, it can infringe the rights of every class.

■ Redefinition of the accrual date of a cause of action for sexual abuse in clause one of Acts 1991, c. 674, inherently applies retroactively. The ''window of opportunity'' defined in clause two expressly applies retroactively to all such causes of action, irrespective of the date of accrual. We hold that, insofar as they do so, both clauses offend the due process guarantees of Va. Const. art. I, § 11, and we will affirm the judgment entered below.[3]

*Affirmed.*

JUSTICE WHITING, dissenting.

---

[3] Our holding does not affect prospective application of clause one of the 1991 Act, Code § 8.01-249(6), or the power of the General Assembly generally to make changes applicable prospectively in statutory definitions of accrual of causes of action or in time limitations on rights of action.

For the reasons stated in my dissent in *School Bd. of the City of Norfolk* v. *U.S. Gypsum*, 234 Va. 32, 48-53, 360 S.E.2d 325, 333, 336 (1987), I think that the General Assembly does have the constitutional power to revive a right of action which has been barred by a purely procedural statute of limitation. Accordingly, I dissent in this case.