HALL, Judge,
concurring.
Even though I am concerned with the potential for future enactment of further retroactive legislation dealing with statutes of limitation, I must agree with the majority that our decision is controlled by Roof v. *526 Wiley, wherein we held that a party holds no vested right in the termination of a cause of action because of the running of the statute of limitation, and the legislature can revive an expired cause of action without the violation of a constitutional right. It is interesting to note that the Supreme Court of Virginia reached the exact opposite decision in a well-reasoned opinion in Starnes v. Cayouette, 244 Va. 202, 419 S.E.2d 669 (1992).
Although, the parties have not raised the issue of the definition of abuse, for which section 95.11, Florida Statutes, refers to section 39.01(2) of the Juvenile Justice Act, I perceive a possible constitutional problem because the definition of abuse in the Juvenile Justice Act may be vague and overbroad in the context of section 95.11.