## CIRCUIT COURT OF NORTHAMPTON COUNTY

Canal Insurance Co.

v.

State Farm Mutual
Automobile Insurance Co.

July 12, 1995

Case No. (Law) CL95-30

BY JUDGE GLEN A. TYLER

In this action at law, the Court must decide whether Va. Code Ann. § 38.2-2231 applies to require arbitration of a claim made after the statute's enactment regarding a cause of action accruing previous to its enactment.

A motor vehicle accident resulting in property damage occurred in Northampton County on January 24, 1994, involving an insured of State Farm Mutual Automobile Insurance Company and an insured of Canal Insurance Company. After the accident, the Virginia General Assembly enacted the above-referenced Code section, effective July 1, 1994, entitled "Physical Damage Arbitration Between Insurers." Thereafter, State Farm made its claim against Canal and requested arbitration, pursuant to the statute. Canal informed State Farm that Canal would not arbitrate because it was not a party to the Nationwide Intercompany Arbitration Agreement referred to in the statute; it was not bound by the statute as to this case since the cause of action predated the statute; and there was no agreement to arbitrate otherwise. Nevertheless, State Farm notified Canal and submitted its claim to arbitration under the Agreement referred to in the statute. On January 10, 1995, in the absence of Canal, the arbitration proceeding resulted in an award for State Farm in the full amount of its claim of $2,989.14 against Canal.

Canal timely filed this action, pursuant to Va. Code Ann. § 8.01-581.010(5) to vacate the award in arbitration on the basis that the statute requiring arbitration does not apply in this case to Canal.

Canal argues that allowing the award to stand would in effect be applying the statute retroactively when there is no specific provision in the statute stating any legislative intent to apply it retroactively. Canal further argues that the statute affects substantive rights and obligations, not merely procedural considerations. State Farm argues that to permit the arbitration award to stand would not be a retroactive application of the statute since State Farm's claim was made after enactment of the statute and after the effective date of the statute. State Farm argues further that the statute affects only procedural matters, and to apply its mandatory "agreement" to this claim would not adversely affect Canal's substantive rights retroactively regardless of the fact that the cause of action accrued previous to the mandated agreement.

The inquiry in which the Court is here engaged is primarily one of determining the legislative intent underlying the statute. 73 Am. Jur. 2d, *Statutes*, § 350. Such an inquiry is first directed to the language of the statute itself. A reading of the statute reveals that the language does not include any expression one way or the other on the matter of retroactive application. Therefore, it is necessary to turn to rules of construction. The general rule of construction regarding statutes in this context is that statutes are to be construed as operating prospectively unless a contrary intent is manifest. 17 M.J., *Statutes*, § 73; *Starnes v. Cayouette*, 244 Va. 202 (1992). An exception to the general rule of construction is that statutes that apply to procedure only, not affecting any vested rights, are presumed to apply retroactively. 17 M.J., *Statutes*, § 74.

It is especially true that a statute is prospective only, where to give it a retroactive operation would create a new obligation with respect to a past transaction or antecedent event. 73 Am. Jur. 2d, *Statutes*, § 350.

The statute in question is neither one merely changing a rule of practice, nor one merely providing another remedy without affecting obligations or rights. State statutes generally have changed the basic common law concept that arbitration is remedial rather than substantive. General arbitration statutes provide that arbitration may be enforced by the courts. 5 Am. Jur. 2d, *Arbitration*, § 2. Indeed, the statute under review makes arbitration mandatory, according to a specified agreement in the particular instances encompassed by the statute. The Court, therefore, concludes that the legislature did not intend for Va. Code Ann. § 38.2-2231 to apply retroac-

tively regarding claims made about transactions arising previous to its adoption.

Having thus concluded no retroactive intent on the part of the legislature, it is not necessary to proceed to the next level of analysis; that is, to determine whether a retroactive statute impairs the obligation of contracts or violates constitutionally-mandated due process. However, it may be helpful in focusing on the reasons for the Court's conclusion and on the question whether a thing is substantive or not to note that nothing is more material to the obligation of a contract than the means of its enforcement. 16 Am. Jur. 2d, *Const. Law*, § 685. Canal's contracts with its insureds are enforceable in actions at law for past transactions, and if it has continued to write contracts in Virginia since the effective date of the statute, such contracts will be enforceable according to the arbitration rules and agreements of the referenced statute. Even if it were concluded that the legislature intended for the statute to apply retroactively, the statute would not be permitted to apply in this case because to do so would circumvent due process. Va. Const., Art. I, § 11; *Starnes, id.* at 212.

The arbitration decision will be vacated.