## CIRCUIT COURT OF FAIRFAX COUNTY

Donald S. Ackerman

v.

Donald C. Ackerman

April 3, 1997

Case No. (Law) 154176

BY JUDGE DENNIS J. SMITH

This matter came before the Court on March 20, 1997, upon defendant Donald C. Ackerman's Plea in Bar. The procedural history of this case is that on November 2, 1995, plaintiff Donald S. Ackerman ("son") filed a Motion for Judgment against his father, Donald C. Ackerman ("father") alleging causes of action arising from sexual abuse. A voluntary nonsuit was taken in that case in May 1996. The present Motion for Judgment was filed on July 26, 1996, again alleging causes of action arising from sexual abuse when the son was a minor. The Motion for Judgment contains three counts, namely (1) battery; (2) sexual assault; and (3) intentional infliction of emotional distress. The father filed a Plea in Bar on the grounds that the statute of limitations for all three causes of action has now run.

Prior to 1991, all causes of action for personal injuries resulting from sexual abuse accrued on the date the last injury occurred pursuant to § 8.01-230. There is no dispute that under the law prior to 1991, the applicable statute of limitations for all three counts was provided by § 8.01-243, which allows the injured party two years in which to bring the action. In this case, the son alleges that he was sexually abused by his father over a period of approximately ten years, with the last act of abuse occurring in 1980. Ordinarily the two-year statute of limitations would begin to run in 1980 pursuant to § 8.01-243, but as the son was a minor at that time, the statute of

limitations was tolled by § 8.01-229(A)(2)(a) until he reached the age of majority in 1982. In 1984, the then-existing statute of limitations had expired as to any causes of action the son might have brought against the father for alleged abuse which occurred during his minority.

The son argues, however, that on November 2, 1995, the date he filed his first Motion for Judgment, § 8.01-249(6) had revived his otherwise time-barred causes of action. On that date § 8.01-249(6) directed that a cause of action shall be deemed to accrue:

> [i]n actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.

In order to determine the validity of Plaintiff's interpretation of § 8.01-249(6), the history of that section must be reviewed. In 1991 the legislature reenacted § 8.01-249 adding for the first time a subsection (6) dealing with accrual of causes of action for sexual abuse of a minor. This provision included a statute of repose which barred the bringing of any action ten years after the later of the last act of abuse or the removal of the infancy or incompetency. The subsection in its 1991 form stated that a cause of action accrued:

> [i]n actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. However, no such action may be brought more than ten years after the later of (i) the last act by the same perpetrator which was part of a common scheme or plan of abuse or (ii) removal of the disability of infancy or incompetency.

Section 8.01-249 was again amended in 1992 and 1993, but no changes were made to subsection (6). In 1992, however, the Virginia Supreme Court declared that the retroactive application of § 8.01-249(6) to causes of action which had already accrued was constitutionally defective "as both clauses [the accrual provision and the window of opportunity for filing stale claims] offend

the due process clauses [of Art. I, § 11, of the Virginia Constitution]." *Starnes v. Cayouette*, 244 Va. 202, 212 (1992).

In 1995 the General Assembly again amended § 8.01-249(6) and deleted the second sentence of that subsection which had created the Statute of Repose. In 1993 and again in 1994, the General Assembly passed an amendment to the Constitution of Virginia which provided:

> [t]he General Assembly's power to define the accrual date for a civil action based on an intentional tort committed by a natural person against a person who, at the time of the intentional tort, was a minor shall include the power to provide for the retroactive application of a change in the accrual date. No person shall have a constitutionally protected property right to bar a cause of action based on intentional torts as described herein on the ground that a change in the accrual date for the action has been applied retroactively or that a statute of limitations or statute of repose has expired.

This Constitutional amendment was ratified by the people of the Commonwealth on November 8, 1994, and went into effect on January 1, 1995, as the fourth paragraph of Article IV, § 14, of the Constitution of the Commonwealth of Virginia, dealing with the powers of the General Assembly.

As the Constitutional amendment was not a direct amendment of law but was instead an empowerment provision, the son's argument that his claims were revived must rely upon a subsequent legislative enactment which exercises the authority granted to the General Assembly by the amendment. In fact, the 1996 session of the General Assembly passed into law Chapter 377 of the 1996 Acts of Assembly,[1] which is entitled "[a]n Act to retroactively apply removal of the statute of repose in childhood sexual assault cases" and which states:

> [b]e it enacted ... [t]hat as authorized by Section 14 of Article IV of the Constitution of Virginia, Chapter 268 of the 1995 Acts of Assembly shall apply to all actions accruing on or after July 1, 1991, for injury to the person resulting from sexual abuse occurring during the infancy or incompetency of the person and which were or are filed on or after July 1, 1995.

---

[1] The Editor's Note to the 1995 version of § 8.01-249 restates the language of Chapter 377 of the 1996 Acts of Assembly.

The date on which the son's cause of action accrued is a mixed question of law and fact. Under the 1995 version of § 8.01-249, the accrual date for sexual abuse causes of action is triggered "when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist." The son urges a narrow reading of the statute which would require a specific act of communication of the causal relationship between the abuse and the injury by a licensed person identified in the statute. This, the son argued, would be required by the express language of the statute even if the victim already had independent knowledge that he had been so abused. When taken to the extreme, this reading of the statute would mean that if upon first entering the office of a licensed physician, psychologist, or clinical psychologist, the son announced that he had been sexually abused as a child and as a result was suffering from various psychological injuries, the statute still would not have accrued until these statements were communicated to the son by the licensed physician, psychologist, or clinical psychologist. The Court finds this to be an unreasonable interpretation of the statute.

In the present case, the Court finds upon the pleadings and testimony at the hearing that the son had knowledge of the fact and the cause of his injuries on or before 1988. There is no dispute that in 1988 the son knew of the abuse or that he sought help from Dr. Earl for psychological problems at that time.[2] While the son correctly points out that Dr. Earl was not a licensed physician, psychologist, or clinical psychologist at that time, this fact is irrelevant as whether or not Dr. Earl then established for the son a causal connection between his abuse and any injuries cannot reasonably be dispositive. This statute was not meant to revive time-barred actions in which victims had knowledge of the abuse and their injury but chose not to act. The legislature's 1991 amendment was directed toward providing a remedy to victims of child abuse who suffered from repressed memories relating to the abuse. Unfortunately, survivors of sexual abuse "often suppress memories of the assaults; thus, they may not recognize the source and cause of their injuries until many years after the abuse has ceased." 26 *U. of Richmond L. Rev.* 1 at 5 (1992). The legislature envisioned a remedy for victims who had suppressed memories revealed as a result of professional counseling. However, it is the victim's *knowledge* of the fact of the abuse and injury which is significant for

---

[2] Dr. Earl provided counseling to the son at college but was not a licensed person under § 8.01-249. The son contends and the Court agrees that the term "licensed" as used in the statute applies to a physician, psychologist, or clinical psychologist. However, as explained below, whether or not Dr. Earl was licensed is not dispositive in this case.

purposes of accrual of rights, not the manner in which he or she gains that knowledge.

The Court notes in support of its interpretation of the statute that on the same day as this Plea in Bar hearing, the Governor signed into law Chapter 565 of the Acts of 1997. This Act amended and reenacted § 8.01-249 and added language to the first sentence of subsection 6 so that as of July 1, 1997, it will read:

> [i]n actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, *upon removal of the disability of infancy or incompetency as provided in § 8.01-229 or, if the fact of the injury and its causal connection to the sexual abuse is not then known*, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. [Emphasis added.]

The Act also added a new paragraph 2 which states "[t]hat the provisions of this act are *declaratory of existing law*." (Emphasis added.) These changes clarify that the legislature intended the knowledge of the fact of sexual abuse to trigger the accrual of the cause of action and that such was the case in 1995 when subsection 6 was last amended.

Ultimately, the 1995 statute may revive causes of action where the injured person was unaware of the injury, but it is not intended to revive actions where the injured party has knowledge of the abuse and injury resulting from the abuse. As the Court finds, based on the undisputed facts, that, as a matter of law, under the 1995 statute, the son's cause of action accrued in 1988, the son's claims were time barred as of 1990.

The Court also notes that the retroactive application of § 8.01-249(6) violates the father's due process rights under the United States Constitution. The Virginia Supreme Court in *Starnes* recognized that the right to assert the bar of the statute of limitations as a defense after the statute has run is a vested right and that any legislation that destroys that vested right violates due process under the Virginia Constitution. *Starnes*, 244 Va. 202 (1992). As previously noted, the amendment to Article IV, § 14, of the Virginia Constitution granted power to the General Assembly to retroactively change the accrual date for any civil action based on an intentional tort committed against a person who, at the time, was a minor. This amendment may have removed the Virginia constitutional infirmities identified by the *Starnes* court; however, the retroactive effect of the present statute remains an unconstitutional deprivation

of property rights under the Constitution of the United States. The constitutional analysis in *Starnes* remains applicable in the federal context. The United States Supreme Court has clearly stated that the Due Process Clause of the Fourteenth Amendment forbids taking of property without due process of law and has acknowledged that statutes of limitation can create substantive property rights. The Supreme Court has stated that:

> [t]he Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does is forbid the taking of ... property without due process of law ... [and] statutes of limitation, like other types of legislation, could be so manipulated that their retroactive effects would offend the Constitution.

*Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 243-244 (1976) (citing, *Chase Securities Corp. v. Donaldson*, 325 U.S. 304 (1945)). In the present case, the father's substantive right in the statute of limitations vested at the latest in 1990 when the son's right to bring a cause of action lapsed. The father's federal due process rights would be violated if § 8.01-249(6) is permitted to revive the son's long-expired claims.