# CIRCUIT COURT OF FAIRFAX COUNTY

John Doe

v.

Commonwealth of Virginia et al.

Case No CL-2006-13634

John Doe

v.

Commonwealth of Virginia et al.

Case No. CL-2006-14421

June 7, 2007

BY JUDGE KATHLEEN H. MACKAY

This case came before the court on Friday, February 9, 2007, upon the demurrers of the County of Fairfax and the Fairfax County Police Department. On February 7, 2007, the court heard arguments in two cases (John Doe v. Commonwealth, CL-2006-13624, filed October 30, 2006) and (John Doe v. Commonwealth, CL-2006-14421, filed November 15, 2006). The John Doe plaintiffs presented differing factual backgrounds, but their claims rest on identical legal arguments. Both John Doe plaintiffs are represented by the same counsel. Though the cases were not consolidated, the court asked the parties to provide briefs regarding both cases. The Commonwealth of Virginia, the Virginia State Police, and the Office of the Commonwealth's

Attorney also appeared for the purpose of arguing their pending demurrers. The Office of the Commonwealth's Attorney submitted demurrers on behalf of the Commonwealth of Virginia and the Office of the Commonwealth's Attorney. The Commonwealth of Virginia would be represented on brief by the Office of the Attorney General. After a hearing, Counsel agreed the court could rule on the pleadings and that further oral argument was unnecessary. By letter dated March 23, 2007, the court requested additional briefing. Pursuant to this request, the Attorney General filed an extensive memorandum on behalf of the Commonwealth of Virginia and the Virginia State Police. The Office of the Commonwealth's Attorney filed a comparable memorandum and Plaintiff filed a reply.

## I. *Background*

Doe (CL-2006-13634) was convicted in the Fairfax County Circuit Court in 2000 of a violation of Va. Code § 18.2-370. The court imposed a two year sentence with one year and 362 days suspended. Doe (CL-2006-14421) was convicted in the Fairfax County Circuit Court in 1993 of a violation of Va. Code § 18.2-370. The court imposed a six month jail sentence with all of that time suspended. This opinion letter refers to the John Doe plaintiffs singularly as "Doe." Where specific background facts are recounted, such facts are those of Doe (CL-2006-13634), unless otherwise noted. The reasoning and holding of this opinion letter is determinative in both CL-2006-13634 and CL-2006-14421. By the time of Doe's conviction in 2000, Va. Code § 19.2-390.1 (2000) required "the State Police . . . [to] maintain a system for making certain registry information on violent sex offenders publicly available by means of the Internet."

The Office of the Commonwealth's Attorney notes that the State Police must maintain a registry of information containing each sex offender's name, aliases, gender, date of birth, social security number, current physical and mailing addresses, photograph, fingerprints, and description of the offenses requiring registration for which he or she was convicted, including the date and locality of the conviction. *See* Va. Code § 9.1-903(E). Section 9.1-912(A) states that the registry information is used "for the purposes of the administration of criminal justice, for the screening of current or prospective employees or volunteers or otherwise for the protection of the public in general and children in particular." The Virginia State Police disseminate registry information in four ways. First, the information is made available to criminal justice agencies and local law enforcement agencies through the Virginia Criminal Information Network. Second, any person may submit an

official request form for registry information about a specifically identified individual. *See* Va. Code § 9.1-912. Third, any school, day care center, or children's residential facility may request automated electronic notification every time a sex offender registers or re-registers in the same or a contiguous zip code in which the facility is located. *See* Va. Code § 9.1-914. Finally, the Registry information about each violent sexual offender is made available on the internet so the information is easily accessible by the public at large.

A review of the legislative history and amendments to the Sex Offender and Crimes Against Minors Registry is necessary to understand the procedural posture of this case. Virginia Code. §§ 19.2-298.2 and 19.2-298 were enacted in 1994 to require all sex offenders to register for fifteen years, after which time the offender's name and identifying information was required to be removed from the registry. Section 19.2-298.3 also provided that an offender could petition the court of his conviction for removal from the registry at any time after demonstrating that he no longer posed a risk to public safety.

In 1997, Va. Code § 19.2-298.1 was amended to distinguish between sexually violent offenses and other offenses for which registration was required. The amendment to § 19.2-298.2 required violent sexual offenders to re-register for life, whereas the registration duration period for all other offenders was reduced from fifteen years to ten years, including those like Doe who were convicted under § 18.2-370. The 1997 enactment of § 19.2-298.4 permitted sexually violent offenders to petition for relief from the quarterly re-registration requirement, permitting only annual re-registration, albeit for life.

In 2001, § 19.2-298.1 was amended again. The definition of "sexually violent offense" was expanded to include violations of § 18.2-370. Thus, prior to 2001, an individual convicted under § 18.2-370 was categorized as sexually non-violent offenders; after 2001, the same offender was retrospectively reclassified as a sexually violent offender and she or he was therefore required to re-register for life. This amendment reclassified Doe as a "sexually violent offender," and his re-registration requirement increased from ten years to life.

In 2003, § 19.2-298.1 was repealed and replaced with Va. Code §§ 9.1-900 *et seq.* Under the new registry title, if a sexually violent offender petitioned the court for relief from quarterly registration, § 9.1-909 instructed that:

> [t]he court shall hold a hearing on the petition . . . to determine whether the person suffers from a mental abnormality or a personality disorder that makes the person a menace to the health and safety of others or significantly impairs his ability to control his sexual behavior. Prior to the hearing, the court shall order a comprehensive assessment of the applicant by a panel of

three certified sex offender treatment providers . . . [and a] report of the assessment shall be filed with the court prior to the hearing. . . . If, after consideration of the report and such other evidence as may be presented at the hearing, the court finds by clear and convincing evidence that the person does not suffer from a mental abnormality or a personality disorder that makes the person a menace to the health and safety of others or significantly impairs his ability to control his sexual behavior, the petition shall be granted and the duty to reregister every 90 days shall be terminated.

The Circuit Court was instructed to "promptly notify the State Police upon entry of an order granting the [§ 9.1-900] petition and the State Police shall remove registry information on the offender from the Internet system." Va. Code § 9.1-909 (2003).

On April 1, 2005, the court, by Judge Kathleen H. MacKay, entered a consent decree (titled "Agreed Order") between Doe and the Office of the Commonwealth's Attorney. The Agreed Order decreed that "the Petitioner [Doe] is relieved of the requirement to register every 90 days, but rather [Doe] must register once a year as required by the statute, commencing on the 24[th] day of May, 2005." On January 17, the court, by Judge Kathleen H. MacKay, entered a consent decree (titled "Agreed Order") between Doe (CL-2006-14421) and the Office of the Commonwealth's Attorney. The Agreed Order decreed that "the Petitioner [Doe] is relieved of the requirement to register every 90 days, but rather [Doe] must register once a year as required by the statute, commencing on the 17[th] day of January, 2005." Upon receipt of the Circuit Court's April 1, 2005, Order, the Virginia State Police removed Doe's photograph and personal information from the internet component of the Sex Offender and Crimes Against Minors Registry. Doe states he is one of only three sexually violent offenders to have brought a successful § 9.1-909 petition in Fairfax County and one of only a couple dozen to have done so within the Commonwealth.

In 2006, the General Assembly amended Va. Code § 9.1-909 by deleting the phrase that "the State Police shall remove registry information of the offender from the Internet system." The Virginia State Police have construed the General Assembly's 2006 deletion of this phrase to require the Virginia State Police to re-publish on the internet the registry information of those offenders who, prior to current § 9.1-909 becoming effective, successfully petitioned the circuit courts for relief from quarterly re-registration. The plain language of current § 9.1-909, Va. Code § 9.1-909

(2006), makes clear that, if a sexually violent offender successfully petitioned for relief from quarterly re-registration after July 1, 2006, the Virginia State Police would not remove the successful petitioner's registry information from the internet.

In this case of first impression, Doe petitions the circuit court for a declaration pursuant to Va. Code § 8.01-184 that he obtained the substantial and vested right to preclude the Virginia State Police from posting his personal registry information and photograph on the internet in the course of enforcing the Sex Offender and Crimes Against Minors Registry, Va. Code §§ 9.1-900 *et seq.* Doe also seeks to temporarily and permanently enjoin the Commonwealth's Attorney from prosecuting Doe for his failure to provide the Virginia State Police with his updated photograph and registry information. Va. Code § 8.01-620. The court must decide whether Doe's successful § 9.1-909 petition created in Doe a right to preclude the Virginia State Police's re-posting of his registry information. There is no disagreement that the court's April 1, 2005, order is still effective. Doe challenges, therefore, the applicability of the 2006 amendments to Va. Code § 9.1-909 as construed by the Virginia State Police.

## II. *Analysis*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. We accept as true all facts properly pleaded in the bill of complaint and all reasonable and fair inferences that may be drawn from those facts." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589 (2003) (internal citations omitted). Doe alleges he acquired a substantial and vested right to have his registry information permanently removed from the internet by virtue of his successful Va. Code § 9.1-909 petition. Doe seeks first to enjoin the Commonwealth's Attorney from prosecuting any failure to tender either a current photograph or registry information for internet publication. Doe's Complaint also contends that the 2006 amendment constitutes an *ex post facto* law, and that the application of the 2006 amendment violates his substantial and vested rights, as protected by Va. Code § 1-239. The court takes these arguments in turn.

### A. *Injunction Against the Commonwealth's Attorney*

In *Bradshaw v. Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567 (1984), the Court held that "the institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion." The decision

whether to prosecute is an executive function, Va. Code § 15.2-1627(B), and the Constitution of the Commonwealth of Virginia vests power in three distinct and separate branches of government. Va. Const., Art. VII, § 4. The Court has recently cautioned the circuit courts to respect this constitutional division and refrain from "performing . . . executive function[s] and exercise[ing] discretion that resides solely in the Commonwealth's Attorney." *In re Horan*, 271 Va. 258, 263, 634 S.E.2d 675 (2006). Accordingly, there is no authority for the circuit court to enjoin the Commonwealth's Attorney from prosecuting Doe during the pendency of this suit.

B. *Ex Post Facto*

In 2003, the United States Supreme Court considered whether the Alaska Sex Offender Registration Act violated the federal constitution's prohibition against the enactment of *ex post facto* laws. The majority in *Smith v. Doe*, 538 U.S. 84, 89, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), held that "civil proceedings," or the enactment of a "regulatory scheme that is civil and nonpunitive," did not violate the federal Constitution. The General Assembly is also prohibited from passing *ex post facto* laws by Article 1, § 9, of the Virginia Constitution. In *Kitze v. Commonwealth*, 23 Va. App. 213, 220, 475 S.E.2d 830 (1996), the Court of Appeals addressed the affect of the 1994 law mandating that sex offenders register for crimes committed before the enactment of the Sex Offender and Crimes Against Minors Registry. The court held that the Registry was nonpunitive, and thus the "sex offender registration requirement [did] not violate the constitutional prohibitions against *ex post facto* laws." *Id.* Doe's argument must fail for the reasons stated in *Kitze*. Because the requirement that Doe submit his current registry information to the Virginia State Police is nonpunitive, enacted "for the purposes of the administration of criminal justice, for the screening of current or prospective employees or volunteers or otherwise for the protection of the public in general and children in particular," Va. Code § 9.1-912(A), the statutory requirement does not violate either the Virginia or federal constitutional prohibition of *ex post facto* laws.

C. *Substantial and Vested Rights, Va. Code § 1-239*

Section 1-239 of the Virginia Code states that:

No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment

incurred, *or any right accrued*, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or *any right accrued*, or claim arising before the new act of the General Assembly takes effect; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

(Emphasis added.)

Few cases exist to guide the courts in interpreting the meaning and scope of the phrase "any right accrued," as used in Va. Code § 1-239.[1] In *Norfolk v. Kohler*, 234 Va. 341, 345, 362 S.E.2d 894 (1987) (quoting *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750 (1984)), the Court stated that § 1-16, the predecessor to current § 1-239, stood for the proposition that substantial vested rights "are included within those interests protected from retroactive application of statutes."

Doe contends he acquired a vested right to be free from internet publication of his registry information by virtue of the circuit court's April 1, 2005, order. Doe further argues that this substantial and vested right cannot be retroactively impaired by the 2006 amendment to Va. Code § 9.1-909. The Commonwealth contends the April 1, 2005, order did not create a vested right and, therefore, the retroactive application of § 9.1-909 does not violate either the Virginia Constitution or the United States Constitution.

The Circuit Court's April 1, 2005, "Agreed Order" did not expressly *order* the Virginia State Police to remove Doe's registry information from the internet; rather the order only relieved Doe of the quarterly re-registration requirement. The Agreed Order of April 1, 2005, stated, "adjudged and ordered that the Petitioner [Doe] is relieved of the requirement to register

---

[1] Section 1-239 is a part of Chapter 2.1 of Title 1, and is a rule of construction for the Code of Virginia in its entirety. Va. Code § 1-202 explains that the court must "use [1-239 and the other rules of this Chapter] in the construction of this Code and the acts of the General Assembly, unless the construction would be inconsistent with the manifest intention of the General Assembly." Va. Code § 1-202.

every 90 days, but rather [Doe] must register once a year as required by the statute, commencing on the 24th day of May, 2005." The Virginia State Police removed Doe's registry information because the then-applicable law only required the internet posting of offenders who were required to register quarterly. Pursuant to Va. Code § 9.1-909, the only remedy the circuit court could offer was relief from the quarterly re-registration. In ruling on Doe's § 9.1-909 petition, the circuit court had the same authority to order that Doe's registry information be removed from the internet as it did to relieve Doe of annual re-registration, none. Thus, any benefit Doe received when the Virginia State Police removed his registry information from the internet was a product of Va. Code § 9.1-909 (2005) though triggered by the circuit courts April 1, 2005, order.

Doe argues the benefit created by a successful § 9.1-909 petition created a vested right to have his registry information permanently removed from the internet. The few Virginia cases to consider vested rights identify such rights as property rights or quasi-property rights. *See Shiflet v. Eller*, 228 Va. 115, 121, 319 S.E.2d 750 (1984) (right to a cause of action for contribution from a joint tortfeasor is a vested right); *Potomoc Hospital Corp. v. Dillon*, 229 Va. 355, 360-61, 329 S.E.2d 41 (1985) (same); *Bartholomew v. Bartholomew*, 233 Va. 86, 90-91, 353 S.E.2d 752 (1987) (holding that "a right to be released when a joint tortfeasor has been released" is a vested right); *Starnes v. Cayouette*, 244 Va. 202, 207, 419 S.E.2d 669 (1992) (a defendant's right to assert a statute of limitations defense was a substantial and vested right). Accordingly, the court must determine whether Doe's benefit of having his registry information removed from the internet is a vested right as that phrase in understood in Virginia.

In *Eaton v. Davis*, 176 Va. 330, 337-42, 10 S.E.2d 893 (1940), the Court held that only "vested property rights" are not subject to retroactive legislative impairment. The *Eaton* Court considered whether the right to alimony constituted a vested right. The Court acknowledged contrary authority from other states before holding that alimony, which "lacked the essential elements of property," was not a vested property right because alimony was not inheritable or devisable and could not be sold, transferred, "attached, or otherwise levied upon." *Id.* at 340.

The Court in *Town of Vienna Council v. Kohler*, 218 Va. 966, 976, 244 S.E.2d 542 (1978), addressed vested rights within the context of property rights and the Commonwealth's police power. Regarding a zoning challenge, the Court held that "property owners have no vested right to continuity of zoning of the general area in which they reside, and the mere purchase of land does not create a right to rely on existing zoning. The zoning of land is an

exercise of the police power." *Id.* The benefit Doe received by virtue of former Va. Code § 9.1-909(2005) does not sufficiently resemble the rights which Virginia courts have described as "vested rights" to bring the benefit within the ambit of either Va. Code § 1-239, or the protection of vested rights described by *Eaton* or *Shiflet* and its progeny.

Accordingly, the combination of the circuit court's April 1, 2005, order and former § 9.1-909, instructing the Virginia State Police to remove the registry information of successful § 9.1-909 petitioners, did not create in Doe a vested right to have his registry information permanently removed from the internet. Absent a vested right, Doe fails to state a claim for declaratory relief under Va. Code § 8.01-184.

## D. *Fairfax County Police Department and Fairfax County*

Defendant Fairfax County Police Department filed a Plea in Bar claiming that it was *non sui juris*. Doe, by motion contained in his memorandum in opposition to the demurrers, requested that the Fairfax County Police Department be dismissed from this suit. The County of Fairfax filed a demurrer arguing that as a mere "collector" of registry information, the County had no control or influence over whose registry information must be collected or disseminated on the internet.

## III. *Conclusion*

Upon review of the record, and in light of the arguments presented by the parties' briefs and oral arguments, the Demurrers of the Commonwealth of Virginia, the Office of the Commonwealth's Attorney, and the Virginia State Police are sustained for the reasons stated in Part II above. As Doe's motion to dismiss the Fairfax County Police Department is proper, the Fairfax County Police Department is dismissed from the suit. Because the demurrers of the Commonwealth of Virginia and the Virginia State Police have been sustained, the Demurrer of Fairfax County, as mere collector of Doe's current registry information, is also sustained, and the case is accordingly dismissed.